IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jessica Williams, | C/A. No. 3:16-cv-3902-CMC |
| Plaintiff, | |
| v. | |
| TWC Administration LLC, | **Opinion and Order** |
| Defendant. | |

Through this action, Plaintiff Jessica Williams ("Plaintiff") seeks recovery from her former employer, TWC Administration LLC ("TWC"), for alleged employment discrimination based on race, retaliation, and hostile work environment pursuant to 42 U.S.C. § 2000e, *et seq.*. ECF. No. 1. The matter is before the court on Defendant's Motion for Summary Judgment, filed March 3, 2018. ECF No. 60. Plaintiff filed her response in opposition on March 30, 2018, after being granted an extension. ECF No. 66. Defendant filed a reply on April 16, 2018. ECF No. 70.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On November 29, 2018, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted. ECF No. 91. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed her objections on December 13, 2018. ECF No. 92. TWC filed a reply on December 27, 2018. ECF No. 93. This matter is now ripe for resolution.

After conducting a *de novo* review as to the objections made, and considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees

with the Report's recommendation that TWC's motion for summary judgment should be granted. Accordingly, the court adopts the Report by reference in this Order. For the reasons stated in the Report and as further addressed below, TWC is entitled to summary judgment on all claims.

I.   **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Summary Judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the district court must "view the evidence in the light most favorable to the nonmoving party." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 (4th Cir. 2015) (citing *Tolan v. Cotton*, 134 S.Ct. 1861, 1868 (2014) (per curiam)). "Summary Judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Id.* Therefore, the court cannot weigh the evidence or make credibility determinations. *Id.* at 569. The district court may not "credit[] the evidence of

2

the party seeking summary judgment and fail[] properly to acknowledge key evidence offered by the party opposing that motion." *Id.* at 570. However, a party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

## II. Discussion

### a. Race Discrimination Claim

The Magistrate Judge concluded Plaintiff does not have direct evidence of discrimination and cannot establish her claim for racial discrimination under the burden-shifting method of proof. ECF No. 91 at 10. The Report recommends dismissal of Plaintiff's discrimination claim because she has failed to show her job performance was satisfactory at the time of her termination. *Id.* at 12. It also found Plaintiff failed to create an issue of fact as to whether her purported comparators are valid. *Id.* at 15. Regarding Plaintiff's disparate treatment claim involving the investigation of Plaintiff and her team, the Report recommends dismissal as an investigation is not an adverse employment action, and, even if it was, there is no valid comparator. The Report concluded even if Plaintiff did establish a prima facie case of discrimination, TWC met its burden of producing legitimate, non-discriminatory reasons for terminating Plaintiff, which Plaintiff was unable to demonstrate were pretext. *Id.* at 17.

Plaintiff objected to the Report, arguing there are genuine issues of material fact precluding summary judgment. ECF No. 92. Specifically, she objected to the determination she failed to demonstrate race was a motivating factor in her termination, as "[d]eposition testimony has shown the Defendant has demonstrated a pattern of discriminatory treatment towards African Americans

by failing to continue to employ them." *Id.* at 3.  She contends there are valid comparators who are "in the same job, doing the same things." *Id.* at 4.  Finally, she argues TWC should have determined who made the customer complaint leading to the investigation and why the complaint was not "provided to the employees so they could try to figure out what, if anything, had occurred." *Id.*

In its reply to Plaintiff's objections, TWC argues Plaintiff failed to present specific objections, record citations, or applicable case law establishing the Magistrate Judge erred in recommending summary judgment.  ECF No. 93.  It points out Plaintiff's objections do not challenge the Magistrate Judge's recommendation on the retaliation or hostile work environment claims, and the Magistrate Judge did not commit clear error in recommending summary judgment. *Id.* at 4.  TWC also argues Plaintiff does not explain how the Magistrate Judge erred regarding her job performance or valid comparators. *Id.* at 5-6.  Finally, it notes Plaintiff's "supposed evidentiary concerns regarding a customer complaint were fully and properly addressed by the Magistrate Judge," and should not be overturned based on speculation. *Id.* at 6-7.

Although Plaintiff presents general arguments regarding the Magistrate Judge's conclusions, she fails to provide specific record evidence or case law in support of her challenges.  Further, the court agrees with the Magistrate Judge Plaintiff has failed to demonstrate her job performance was satisfactory at the time of her termination, or to provide a valid comparator.  Despite Plaintiff's assertions she "was performing her job adequately," she does not dispute the conduct of swapping modem fees for Starz fees, and TWC has presented evidence she violated its policies.

While Plaintiff provided two names of employees she asserts were similarly situated, the court agrees neither Chris Carriere nor Paula Russell are valid comparators.  Ms. Russell is a

4

manager of another team and so does not have the same position as Plaintiff. *See Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 272-73 (4th Cir. 2005) (finding the plaintiff's purported comparators did not establish pretext when they held "positions dissimilar" to the plaintiff, with different "job requirements and responsibilities"). Mr. Carriere[1] did have the same position and reported to the same manager; however, he only removed the fee seven times to Plaintiff's 129 and thus their conduct was significantly different. *See Lightner v. City of Wilmington, N.C.*, 545 F.3d 260, 265 (4th Cir. 2008) ("The similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful.").

Finally, the court agrees the Magistrate Judge sufficiently addressed the argument regarding the customer complaint, and Plaintiff's speculative assertion that it may not have come from a customer at all is insufficient to create a genuine issue of material fact. Further, the court questions the relevance of the source of the complaint: although the complaint did lead to the investigation, Plaintiff does not challenge she removed modem fees to cancel out the Starz channel fee, which is the conduct that resulted in her termination. It does not matter how TWC discovered this activity, as the court agrees with the Magistrate Judge that the investigation is not, in itself, an adverse employment action. *See Bonds v. Leavitt*, 629 F.3d 369, 386 (4th Cir. 2011) ("Even if these investigations were improper or substandard, that does little to help [plaintiff] establish that the reasons given for her termination were not the actual reasons, and it certainly does not give rise to a reasonable inference that her race or gender was the real reason for her termination.");

---

[1] Carriere and Plaintiff were both suspended, but Plaintiff was terminated after her conduct was revealed to be far more pervasive than his. A black female team member who removed the modem fee seven times, like Carriere, was suspended but not terminated: receiving the exact same treatment for the exact same conduct as Carriere, a white man. ECF No. 60-10, Owens Dec. at ¶ 67.

5

*Hux v. City of Newport News*, 451 F.3d 311, 315 (4th Cir. 2006) ("Once an employer has provided a non-discriminatory explanation for its decision, the plaintiff cannot seek to expose that rationale as pretextual by focusing on minor discrepancies that do not cast doubt on the explanation's validity, or by raising points that are wholly irrelevant to it.").

Therefore, Plaintiff's objections regarding her discrimination claim are overruled and the court agrees with the Magistrate Judge's conclusion regarding this claim. Summary judgment for TWC is appropriate.

      b. *Retaliation Claim*

The Report recommends summary judgment on the retaliation claim, as Plaintiff effectively conceded she did not complain of racial discrimination to anyone at TWC, and filed her complaint with the Human Affairs Commission after her termination. ECF No. 91 at 22. Plaintiff's objections (ECF No. 92) do not address the retaliation claim; therefore, review of the Report on this issue is for clear error. Finding none, the court adopts the Report on this issue. Summary judgment is appropriate, and Plaintiff's retaliation claim is dismissed with prejudice.

      c. *Hostile Work Environment Claim*

The Magistrate Judge recommends dismissal of the hostile work environment claim for failure to exhaust administrative remedies, as her SCHAC/EEOC charge does not allege a hostile work environment. ECF No. 91 at 25. Plaintiff's objections do not address her hostile work environment claim either. ECF No. 92. Finding no clear error, the court adopts the Report on this issue. Plaintiff's hostile work environment claim is dismissed with prejudice.

**III. Conclusion**

Having conducted a *de novo* review of the Report and underlying motion and related memoranda where necessary, and having fully considered Plaintiff's objections and TWC's

response, the court adopts the conclusions of the Report. Defendant's motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 14, 2019